**SO ORDERED.**

**SIGNED this 26 day of September, 2019.**

*Stephani W. Humrickhouse*

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUTPCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

ADRIAN TYLER MYERS and               CASE NO. 19-01585-5-SWH
KELLIE LEANN MYERS,                  CHAPTER 7

    DEBTORS.


ADRIAN TYLER MYERS and               ADVERSARY PROCEEDING
KELLIE LEANN MYERS,                  NO. 19-00042-5-SWH

    Plaintiffs

    v.

ARMY & AIR FORCE EXCHANGE
SERVICE,

    Defendant.


### ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING
### AND ALLOWING OBJECTION TO CLAIMED EXEMPTION

The matters before the court are the Objection to Claimed Exemption filed in the

bankruptcy case on May 13, 2019, Dkt. 14, and the Motion to Dismiss Amended Adversary

Complaint filed in the adversary proceeding on June 26, 2019, Dkt. 10. The debtors filed

responses on May 21, 2019, Dkt. 18, in the bankruptcy case and on July 10, 2019, Dkt. 13, in the

adversary proceeding. A hearing was held on July 16, 2019 in Wilmington, North Carolina, at the conclusion of which, the court took both matters under advisement.

## BACKGROUND

Adrian Tyler Myers ("Mr. Myers") and Kellie LeAnn Myers ("Ms. Myers") (collectively, the "Debtors" or the "Plaintiffs") opened separate credit card accounts with Army & Air Force Exchange Service ("AAFES" or the "Defendant") on June 2, 2013 and December 16, 2014, respectively. By January 2019, both of the Debtors were delinquent on their credit card payments.[1] Mr. Myers had an outstanding balance in the amount of $3,979.00, and Ms. Myers had an outstanding balance in the amount of $1,774.74 (collectively, the Debtors owed $5,753.74 to AAFES). Around February 2019, the Debtors filed their joint federal income tax return for 2018. The Debtors allege that according to Form 1040 they were entitled to a refund from the Internal Revenue Service ("IRS") in the amount of $4,622, comprised of the following tax credits: a refundable earned income credit of $1,260, a refundable child tax credit of $587, and $2,775 withheld from the Debtors' wages. Instead of receiving a tax refund, the Debtors' overpayment was applied to their debts with AAFES on February 27, 2019 as follows: $1,774.74 in full payment of Ms. Myers's outstanding debt and $2,847.26 in partial payment of Mr. Myers's outstanding debt.

The Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 9, 2019. On Schedule C, the Debtors claimed as exempt all proceeds received from a section 522 avoidance action to recover the tax refund of $4,622 setoff by AAFES. On April 12, 2019, the Debtors filed an adversary proceeding against AAFES, and on May 17, 2019, the

---

[1] Although the court is unaware of the exact date that the credit card debts arose, according to the Debtors' argument at least by January 9, 2019, the Debtors owed $5,753.74 to AAFES. Am. Compl. 5 n.1, Dkt. 6 ("90-day insufficiency on January 9, 2019: Debt to Defendant – $3,979.00 (Mr. Myer's credit card), plus $1,774.74 (Mrs. Myers credit card) equals: $5,753.74 . . .").

Debtors filed an Amended Complaint, Dkt. 6.  The Amended Complaint seeks to avoid and recover setoffs of property of the Debtors pursuant to section 553(b) of the Bankruptcy Code and requests that any recovered amount be deemed exempt pursuant to section 522(h).

AAFES filed an Objection to Claimed Exemption in the bankruptcy case on May 13, 2019, Dkt. 14, and filed a Motion to Dismiss Amended Adversary Complaint in the adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012 for failure to state a claim upon which relief may be granted on June 26, 2019, Dkt. 10.  The Debtors filed responses on May 21, 2019, Dkt. 18, in the bankruptcy case and on July 10, 2019, Dkt. 13, in the adversary proceeding.  A hearing was held on July 16, 2019 in Wilmington, North Carolina, at the conclusion of which, the court took both matters under advisement.

## ISSUE AND PARTIES' POSITIONS

The issues before the court are (1) on what date did the Debtors have a right to a tax refund; (2) did the government decrease the insufficiency in its position within 90 days prior to the petition date through its setoff; and (3) if so, whether the Debtors can claim as exempt any recovered setoffs.

First, AAFES argues that the Debtors cannot recover the tax overpayment pursuant to section 553 of the Bankruptcy Code because there was no decrease in insufficiency that would permit the Debtors to recover the offset.  AAFES takes the position that the Debtors' right to a tax refund arose on December 31, 2018, and therefore, the insufficiency on the date of offset (February 27, 2019) of $1,131.74[2] was the same amount as it was 90 days before the Debtors

---

[2] This number is calculated by taking the difference between the $5,753.74 credit card debt and the $4,622.00 tax refund.

filed their bankruptcy petition (January 9, 2019). AAFES next argues that even if the Debtors could recover the offset, the Debtors cannot claim that recovery as exempt property. AAFES contends that a taxpayer is only entitled to a refund of the amount remaining after any tax overpayment is applied to past-due legally enforceable government debts. Thus, the tax overpayment in question never ripened into a tax refund and never became property of the bankruptcy estate subject to the exemption.

In response, the Debtors argue that their right to the tax refund did not arise until February 15, 2019; and accordingly, when setoff occurred on February 27, 2019, the amount of the insufficiency decreased from $5,753.74 to $1,131.74. Regarding the claim of exemption, the Debtors assert that they can claim any recovered setoffs as exempt pursuant to section 522(h) because under section 541(a)(3) of the Bankruptcy Code, interests in property recovered under sections 550 and 553 become property of the bankruptcy estate.

## DISCUSSION

A defendant may move to dismiss a case for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), as made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7012. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain sufficient facts that when accepted as true "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). When ruling on a 12(b)(6) motion, a court must accept the plaintiff's factual allegations as true and draw all reasonable factual inferences in the plaintiff's favor. *Edwards*, 178 F.3d at 244.

4

Section 553 of the of the Bankruptcy Code does not create a right of setoff; "[i]t merely preserves any right of setoff accorded by state law, subject to certain limitations." *Durham v. SMI Indus. Corp.*, 882 F.2d 881, 883 (4th Cir. 1989) (citations omitted).  North Carolina recognizes the right to setoff where mutual debts exist between the parties.  *Id.* (citing *Old Southern Life Ins. Co. v. Bank of North Carolina*, 36 N.C. App. 18, 30-31, 244 S.E.2d 264, 271 (1978)) (citations omitted).  Four requirements must be satisfied to preserve a valid right of setoff under section 553: (1) the creditor must hold a "claim" that arose prior to commencement of the bankruptcy case; (2) the creditor must owe a "debt" to the debtor that arose prior to commencement of the bankruptcy case; (3) the claim and the debt must be mutual; and (4) both the claim and the debt must be valid and enforceable.  11 U.S.C. § 553 (2018); *In re Abbott*, No. 12-01166-8-SWH, 2012 WL 2576469, at *5 (Bankr. E.D.N.C. July 3, 2012); *In re Goodman*, No. 11-02760-8-JRL, 2012 WL 529574, at *4 (Bankr. E.D.N.C. Feb. 17, 2012); *see also* 5 Collier on Bankruptcy § 553.01[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2019).

Section 553(b) limits the ability of creditors to exercise the right of setoff and allows a trustee to recover "offsets [of] a mutual debt owing to the debtor on or within 90 days before the date of the filing of the petition . . . ."  11 U.S.C. § 553(b)(1).  However, a trustee may recover only

> to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—
> (A) 90 days before the date of the filing of the petition; and
> (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

11 U.S.C. § 553(b)(1).  This limitation prohibits a creditor from improving its position within 90 days prior to the debtor filing a bankruptcy petition.  *In re Goodman*, Case No. 11-02760-8-JRL,

5

2012 WL 529574, at *5-6 (Bankr. E.D.N.C. Feb. 17, 2012) (citations omitted).  For purposes of

that subsection, the Code defines an "insufficiency" as the "amount, if any, by which a claim

against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim."  11

U.S.C. § 553(b)(2).

Two major flaws exist in the Debtors' arguments.  First, the Debtors misapply 11 U.S.C.

§ 6402(m) to conclude that the Debtors' "right to payment" of the tax refund did not arise until

February 15, 2019.   Section 6402(m) of the Internal Revenue Code became effective in 2018

(tax year 2017) and states the following:

> **(m) Earliest date for certain refunds**
> No credit or refund of an overpayment for a taxable year *shall be made* to a
> taxpayer before the 15th day of the second month following the close of such
> taxable year if a credit is allowed to such taxpayer under section 24 (by reason of
> subsection (d) thereof) or 32 for such taxable year.

11 U.S.C. § 6402(m) (emphasis added).  The Debtors argue that under section 6402(m),

February 15th is the earliest date that the Debtors had a right to a tax refund.

According to the Debtors' analysis, a $5,753.74 insufficiency existed on January 9, 2019

($5,753.74 was owed to AAFES and the Debtors had no right to a tax refund).  On February 27,

2019, a $1,131.74 insufficiency existed after setoff of the $4,622 tax overpayment.  Thus, the

Debtors conclude that AAFES improved its position within the 90-day pre-petition period.

Whereas, AAFES calculates that a $1,131.74 insufficiency existed on January 9, 2019 because

the Debtor's claim to a potential tax refund arose on December 31, 2018.  AAFES takes the

position that when setoff occurred on February 27, 2019, AAFES's position was not improved

because a $1,131.74 insufficiency still existed.

The Debtors rely solely on 11 U.S.C. § 6402(m) to support the proposition that February

15th is the date which should be used in determining when the "right to payment" arose.  In

6

contrast, it is well-settled within the courts that a taxpayer's claim to a potential tax refund arises on December 31st of the tax year in question. *E.g.*, *In re Richardson*, 216 B.R. 206, 211 (Bankr. S.D. Ohio 1997) ("It is now well settled that an individual's right to a tax refund arises at the end of the tax year to which the refund relates."); *United States ex rel. IRS v. Johnson (In re Johnson)*, 136 B.R. 306, 309 (Bankr. M.D. Ga. 1991) ("Courts generally have held that the substantive right to a tax refund arises at the end of the tax year to which the refund relates.") (citations omitted).

The Debtors argue that section 6402(m) supersedes this case law, but this court finds otherwise. The statute plainly states that no refund "shall be made" before February 15th. The statute does not state that a taxpayer's right to refund shall not arise until that date. After a plain reading of the statute, the court finds that the statute only changes the practical date on which a taxpayer may first receive a tax refund or overpayment, not the date on which the right to payment arises.

Under section 553(b) a creditor must hold a "claim" that arose prior to the commencement of the bankruptcy case. 11 U.S.C. § 553(b). Section 101 of the Bankruptcy Code defines "claim," in relevant part, as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). "Debt" is defined as "liability on a claim." 11 U.S.C. § 101(12). The claim to a right to receive a tax refund is no different. The Debtors may have a right to payment of a tax refund on December 31st, although practically, the tax refund will not be paid until February 15th at the earliest.

The court finds that the statute is unambiguous, but even if the statute was ambiguous, the legislative history still supports this plain reading of the statute. According to the IRS's

7

website, the tax refund delay was enacted as part of the Protecting Americans from Tax Hikes Act of 2015 (the "PATH Act") to "help[] the IRS stop fraudulent refunds from being issued to identity thieves and fraudulent claims with fabricated wages and withholdings."  IRS, https://www.irs.gov/tax-professionals/new-federal-tax-law-may-affect-some-refunds-filed-in-early-2017 (last visited Sept. 20, 2019).  Nothing brought to the court's attention in the legislative history supports the contention that section 6402(m) was intended to change the date on which a taxpayer's right to payment of a tax refund arose.

The second flaw in the Debtors' argument is that it is based upon a fundamental misconception of what constitutes an "insufficiency."  *See In re* Hurt, 579 B.R. 765, 771 (Bankr. W.D. Va. 2017) (quoting *Lopes v. United States HUD (In re Lopes)*, 211 B.R. 443, 449 (1997)). The definition of "insufficiency" presumes that a mutual debt between the parties exists.  *In re Goodman*, No. 11-02760-8-JRL, 2012 WL 529574, at *6 (Bankr. E.D.N.C. Feb. 17, 2012). There can be no insufficiency unless mutual debts are first owing between parties.  *In re Hurt*, 579 B.R. 765, 771 (Bankr. W.D. Va. 2017) (quoting *Lopes v. United States HUD (In re Lopes)*, 211 B.R. 443, 449 (1997)).  If an insufficiency does not exist on the 90th day prior to the filing of the petition, the insufficiency is determined from the first date on which an insufficiency arises.  *In re Goodman*, No. 11-02760-8-JRL, 2012 WL 529574, at *6-7 (citing *In re Assiante*, 28 B.R. 903, 905 (Bankr. R.I. 1983)); *see also* 5 Collier on Bankruptcy § 553.09[2][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2019).  A creditor improves its position if the insufficiency on the 90th day prior to filing the petition or the date it first arose is greater than the insufficiency on the date of setoff.  *Id.* at *7.

According to the Debtors' argument, on January 9, 2019 (90 days pre-petition), the government owed no debt to the Debtors.  Am. Compl. 5 n.1, Dkt. 6 ("No refund to Plaintiffs

8

was owed on January 9, 2019 as their refund was not owed until February 15, 2019 pursuant to 11 U.S.C. § 6402(m).").  Definitionally, an insufficiency could not exist on January 9, 2019 if mutual debts were not owed.  Instead, the insufficiency would be determined from the first date within the 90-day period on which the AAFES credit card debts exceeded a mutual debt owing to the Debtors.

Assuming, arguendo, that the Debtors' right to receive the tax refund arose on February 15, 2019, February 15, 2019 would be the first date within the 90-day pre-petition period that an insufficiency arose.  The parties agree that the setoff date was February 27, 2019 (when the U.S. Department of the Treasury sent a notice to the Debtors stating that the refund from the IRS was applied to the AAFES credit card debts).  On February 15, 2019, the insufficiency would have been $1,131.74, and on February 27, 2019, the insufficiency after setoff would have still been $1,131.74.  Because AAFES did not improve its position between the date the insufficiency arose and the date of setoff, section 553(b) does not provide a ground for recovery.  It makes no difference whether the December 31st or the February 15th date is used.

This court holds that the Debtors' right to a tax refund arose on December 31, 2018. Mutual debts were owing on January 9, 2019 between the parties.  An insufficiency existed on January 9, 2019 between the credit card debts owed to AAFES ($5,753.74) and the Debtors' right to a tax refund ($4,622.00) in the amount of $1,131.74.  On the date of setoff (February 27, 2019), a $1,131.74 insufficiency remained.  Thus, there was no improvement in AAFES's position within the 90-day pre-petition period, and the offset may not be recovered.  For the reasons stated above, the court finds that the Plaintiffs failed to state a claim upon which relief may be grated and the adversary proceeding should be dismissed.

The Debtors claimed as exempt all proceeds received from an avoidance action to recover the $4,622 tax overpayment.  Due to the dismissal of the adversary proceeding, the Objection to Claimed Exemption should be allowed.

**THEREFORE, IT IS ORDERED** that the Motion to Dismiss Amended Adversary Complaint is hereby **GRANTED**, and the adversary proceeding is **DISMISSED**.

The Objection to Claimed Exemption filed in the bankruptcy case is **ALLOWED**.

**END OF DOCUMENT**